IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TARA FALER,                                )
                                           )
         Plaintiff,                     )
                                           )
  -vs-                                     )   Civil Action No.   20-1322
                                           )
KILOLO KIJAKAZI,[1]                        )
COMMISSIONER OF SOCIAL SECURITY,           )
                                           )
         Defendant.                     )

AMBROSE, Senior District Judge

# **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment.[2] (ECF Nos. 14 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 14) and granting Defendant's Motion for Summary Judgment. (ECF No. 17).

## I. **BACKGROUND**

*Pro se* Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Maria Hodges, held a video hearing on November 7, 2018. (ECF No. 11-2, pp. 42-69). Plaintiff was represented by counsel at the hearing. *Id.* On December 18, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 11-2, pp. 24-33).

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

[2]On April 12, 2021, a briefing schedule was issued setting forth dates for summary judgment. (ECF No. 12). In response, on May 24, 2021, Plaintiff sent a piece of correspondence to the court outlining her reason why she feels the instant case should be remanded. (ECF No. 14). Therefore, I am construing Plaintiff's Correspondence as her Motion for Summary Judgment.

1

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos.14 and 17).  The issues are now ripe for review.

II. **LEGAL ANALYSIS**

   A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Evaluation of Medical Records**

Essentially, *pro se* Plaintiff's argument is that the ALJ's decision is not supported by substantial evidence because he did not review medical records from her treating physician, Dr. Johnson. (ECF No. 14). Specifically, Plaintiff states that she does "not feel that a fair decision was made on my disability case because after further review, it appears that the medical records from my main health care provider for my health issues, Dr[.] Alfred Johnson from Richardson, TX, were not reviewed at all….I feel that the medical records from him prove very well that I am disabled and unable to work." *Id.* As a result, Plaintiff is seeking a remand so the records can be reviewed. *Id.*

After a review of the record, I find the ALJ considered the records from Dr. Johnson. The ALJ specifically identified Dr. Johnson as having provided treatment to Plaintiff and summarized and cited to the records related to the same. (ECF No. 11-2, pp. 29, 31). Therefore, I find no merit to Plaintiff's suggestion that the ALJ did not review the record of Dr. Johnson.

There is no requirement for an ALJ to discuss or refer in his/her opinion to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Rather, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Furthermore, substantial evidence is the standard and, therefore, not every piece of evidence has to support the ALJ's finding. Based on a review of the ALJ's opinion as a whole, I am able to make a proper and meaningful review of the decision in this regard and find it to be supported by substantial evidence. (ECF No. 11-2, pp. 24-33). Thus, remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TARA FALER,                                )
                                           )
          Plaintiff,              )
                                           )
   -vs-                                 )     Civil Action No.   20-1322
                                           )
KILOLO KIJAKAZI,[3]                        )
COMMISSIONER OF SOCIAL SECURITY,           )
                                           )
         Defendant.                )

AMBROSE, Senior District Judge

### ORDER OF COURT

THEREFORE, this 1st day of November, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is denied and Defendant's Motion for Summary Judgment (ECF No. 17) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[3] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.